IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND (SOUTHERN DIVISION)

| | | |
|---|---|---|
| Kyung H. Kang, *et. al.* | ) | |
|     Plaintiffs | ) | |
| | ) | |
| v. | ) | <u>CASE NO.  17-2332  </u> |
| | ) | |
| Charles S. Chas, *et. ux.* | ) | |
|     Defendants | ) | |

### **MEMORANDUM OF POINTS AND**
### **AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendants, Charles S. Chas and In Sook Chas (the "Defendants"), through their counsel, pursuant to Fed. R. Civ. Pro. 12(b)(6), state as following in their Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss:

**A.  FACTUAL BACKGROUND**

Plaintiffs purchased a drycleaner from Defendants on or about July 15, 2006.  *See* Plaintiffs Complaint, Exh. A, Bill of Sale.  The sales price was $410,000.00.  The payments included a Confessed Judgment Promissory Note for $345,000.00 (the "Promissory Note").  *See Id.* Exh. A., Confessed Judgment Promissory.  In the purchase and sale of the drycleaner, Plaintiffs were represented by attorney David B. Woo.  *See  Id.* Exh. A., Waiver of Right to Counsel. Defendants were not represented.  *See Id*.  Plaintiffs allege that "he had grossly overpaid his debt." *See* Complaint ¶1.  But, Plaintiffs do not specify the total amount they actually paid. Nevertheless, Plaintiffs allege they overpaid by $120,307.00. *See* Id. ¶12.  Plaintiffs do not state how they arrived at the dollar figure for the overpayment.

Although not clearly stated in the Complaint, there was a judgment entered against Plaintiffs and for Defendants in the Circuit Court for Montgomery County, Case No. 384876V (decided Jan. 22, 2014).  The judgment was on Complaint for Judgment by Confession filed by

Charles S. Chas and In Sook Chas, the Defendants herein. The judgement amount was $79,731.66. Subsequent to the judgment, Plaintiffs herein, through attorney Jeffrey S. Larson, filed a *Motion to Dismiss for Improper Venue or In the Alternative to Quash Service of Complaint for Judgment by Confession and Garnishment of Property Other Than Wages.* The motion to dismiss was dismissed without prejudice on June 6, 2014. [Note: Plaintiffs make reference to 'Exhibit B' in their Complaint. *See Id.* ¶6. But the exhibit was not made part of the Complaint. As Exhibits do not contain any labeling, it's hard to tell where Exhibit A ends.]

### B. LEGAL ARGUMENT

A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.Pro. 8(a)(2), or does not state "a plausible claim for relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009). The court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles Commissioners,* 882 F.2d 870, 873 (4th Cir. 1989).

### 1. PLAINTIFFS FAILED TO STATE A CLAIM FOR UNJUST ENRICHMENT

Plaintiffs' claim for unjust enrichment cannot stand because Plaintiffs failed to particularize the (a) benefit conferred upon Defendants by Plaintiffs; (b) an appreciation or knowledge by Defendants of the benefit; and (c) the acceptance or retention by Defendants of the benefit under such circumstances as to make it inequitable for Defendants to retain the benefit without the payment of its value. *Hill v. Cross Country Settlement, LLC,* 402 Md. 281, 295 (2007).

(a) Benefits Conferred on Defendants are not Particularized

Plaintiffs allege they entered into a purchase agreement with Defendants. *See* Complaint ¶1. Plaintiffs state:

"1. The Plaintiff entered into a purchase agreement with the Defendants for a property located at 8809 Woodyard Road, Clinton, Maryland 20735 for an amount of $345,000.00. (See Plaintiff's Exhibit A)". *Id* at *¶1*.

However Plaintiffs did not produce any purchase agreement in Exh. A. of the Complaint. As such, it is hard to ascertain what the actual agreement between the parties was. There is, on the other hand, Bill of Sale found within Exh. A of the Complaint; and, it states the actual payment was for $410,000.00. Right off the bat, at the very first paragraph of their Complaint, Plaintiffs introduce a riddle: was the purchase for $345,000.00 or was it for $410,000.00?

Plaintiffs allege that they made an initial down payment of $85,000.00 in personal checks. *Id* at ¶2. However, they failed to produce the personal checks. Plaintiffs allege that they "grossly overpaid his *[sic]* debt". *Id* at ¶7. However, Plaintiffs failed to state how much they actually paid. Plaintiffs allege they overpaid $120,307.00. *Id* at ¶12. It's impossible to figure out how Plaintiffs arrived at the overpayment figure because Plaintiffs do not state how much they actually paid in total. The only payments alleged to have been made to Defendants were: $85,000.00 in personal checks (*See* Complaint ¶2) and payments towards judgment of $79,731.66 entered in the Circuit Court for Montgomery County (*See* Complaint, Exh. C, Judgment Creditor's Monthly Report). [Note: As Exh. C is not labeled as such. All Judgment Creditor's Monthly Reports are treated as part of Exh. C.]

To survive a Rule 12(b)(6) motion to dismiss, "detailed factual allegations" are not required, but a plaintiff must "provide the 'grounds' of the plaintiff's 'entitle[ment] to relief'" and this "requires more than labels and conclusions, [or] a formulaic recitation of the elements of a cause

of action." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Plaintiffs herein conclude they overpaid $120,307.00, but left it a riddle for the trier of fact to figure out the math. The algebraic formula would be X – Y = Z. X is the total amount paid; Y is the total amount to be paid; and, Z is the overpayment. Plaintiffs give the number for Z; but, does not provide any number for X. Plaintiffs attempted to define Y in Para. 1 of their Complaint; however, it fell short as the figure $345,000.00 was at odds with the figure $410,000.00 found in Bill of Sale. And all this without even accounting for any interest, attorney's fees, or costs. Because Plaintiffs were unable to articulate the total amount paid (X) and the amount to be paid (Y), this Court cannot accept the overpayment amount (Z) as being true. A naked assertion at overpayment amount should not be accepted as proper grounds entitling Plaintiffs to a relief. As such, Plaintiffs failed to particularize benefits conferred upon Defendants; and thus, failed to satisfy the first element of Unjust Enrichment articulated in *Hill v. Cross Country Settlement, LLC,* 402 Md. 281, 295 (2007).

(b) An Appreciation or Knowledge by Defendants of the Benefit was not Particularized

Plaintiffs do not allege that all the payments were made to Defendants. Plaintiffs allege there was an overpayment. However, they failed to state whether the overpayment was due to payments made directly to Defendants. Plaintiffs produced a handwritten note as part of their Complaint. *See* Complaint, Exh. A. The note appears to be a receipt by Myung Hee Kang for $65,000.00 in cash and three checks (possibly for $85,000.00). It's not clear who gave the money to Myung Hee Kang and for what purpose it was given. Assuming, *in arguendo,* the money was from Plaintiffs, Plaintiffs nevertheless failed to state how the receipt related to benefits conferred upon Defendants. Plaintiffs further failed to state whether Defendants appreciated or had knowledge of the money. There is no allegation in the Complaint whether

any of the money in the hands of Myung Hee Kang were ever passed onto or otherwise benefitted Defendants.

(c) Defendants Failed to Particularize Why It Would be Inequitable for Defendants to Retain the Benefits Conferred on Them Without the Payment of Its Value

The only payments alleged to have been made to Defendants were: $85,000.00 in personal checks and payments towards the judgment of $79,731.66. Because Plaintiffs did not tally their payments toward the judgment amount, it is difficult to ascertain the actual payments Plaintiffs made. However, the most recent Judgment Creditor's Monthly Report, which covered 07/27/2016 to 08/29/2016 period, indicates there remained a balance of $27,517.89. (*See* Complaint, Exhibit C, final page.) Thus, it would be safe to assume $52,213.77 plus interests were paid towards satisfying the judgment ($79,731.66 - $27,517.89 = $52,213.77).

As admitted by Plaintiffs, $85,000.00 was a down payment. Payment towards the judgment was a court ordered payment. Combine the two payments, Plaintiffs paid a total of $137,213.77 plus interest. The amount falls short of $410,000.00 agreed to by the parties. *See* Complaint, Exh. A, Bill of Sale. The value agreed to by the parties, per Bill of Sale, was $410,000.00. Plaintiffs accounted for $137,213.77. Based on simple math, there was no overpayment. Defendants claim Unjust Enrichment, but failed to particularize any inequity in Defendants retaining money paid to them by Plaintiffs.

### 2. PLAINTIFFS FAILED TO STATE A CLAIM FOR FRAUD

Plaintiffs' claim for fraud fails as a matter of law because the Complaint failed to plead particular facts of the alleged fraud. Claims of fraud are subject to a heightened pleading standard under Rule 9(b). The Rule states that "in all averments of fraud or mistake, the

circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally."

Bill of Sale produced by Plaintiffs is dated July 15, 2006. Plaintiffs appear to allege that from July 15, 2006 to the date of filing of their Complaint in 2017 that they had made payments because of fraudulent representations by Defendants. That covers approximately 11 years. Plaintiffs failed to allege "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Spaulding v. Wells Fargo Bank, N.A.,* 714 F.3d 769, 781 (4th Cir. 2013)(quoting *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 784 (4th Cir. 1999)).

Plaintiffs' inability or the unwillingness to allege with particularity stems from their untenable legal positions. Statute of limitations on fraud is 3 years. *Md. Code Ann. Cts. & Jud. Proc. § 5-101*. Even if there was a fraud involving sale and purchase of the drycleaner back in 2006. That was easily more than 3 years removed from the Complaint. If Plaintiffs take the position that the judgment in Montgomery County in 2014 was entered due to a fraudulent conduct by Defendants, that judgment can no longer be challenged. Any challenge to the judgment would be barred under *res judicata*. As such, payments toward the judgment amount of $79,731.66 cannot form the basis of a fraud.

Plaintiffs allege that Defendants violated Maryland Rule 3-346(j)(2). *See* Complaint at ¶14. However, Plaintiffs failed to specify what the Rule is. Plaintiffs merely make a conclusory statement about a rule without providing any substance. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly at* 555. Plaintiffs failed to make even a "threadbare recitals of the elements of" fraud. Instead Plaintiffs dive straight into conclusory statement based on a law they cannot recite.

In the end, Plaintiffs' Complaint is a frivolous one with no legal merit.  Rule 105.1.8(a) of this Court discourages filing motions for sanctions.  In observance of the Rule, no motion for sanctions is filed herewith.  However, it's very frustrating for Defendants that they have to defend against a 3-page complaint, seeking $170,307.00 in damages, which is rich in riddles but short on substance.

**WHEREFORE** Defendants Charles S. Chas and In Sook Chas pray this Court to dismiss Plaintiffs' Complaint with prejudice, and for other relief deemed mete and proper.

Respectfully Submitted,<br>
Charles S. Chas and In S. Chas<br>
By Counsel

_____
James Y. Victory, MSB#29670
9667 B Main St.
Fairfax VA  22031
Tel: 703-333-2005 Fax: 866-399-0698
Email: hanmicenter@gmail.com
*Counsel for Defendants*