IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARLAND
Southern Division

| | |
|---|---|
| KYUNG H. KANG, et al. | : |
| Plaintiffs, | : |
| v. | : Case No. 8:17-cv-02332-PX |
| CHARLES S. CHAS, et. ux. | : |
| Defendants | : |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Plaintiffs, by and through undersigned counsel, respond to Defendants' Motion to Dismiss, and in support thereof states as follows:

Plaintiffs have filed a two-count Complaint alleging unjust enrichment and fraud arising from a contract and promissory note draft as part of the sale of a dry-cleaning business. Defendants failed to properly account for payments made by Plaintiffs toward the note; furthermore, Defendants filed to establish a judgment in the Circuit Court for Prince George's County, Maryland and continued to collect on said judgement, knowing that the debt had been paid in full.

Defendants have filed a Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), asserting that Plaintiffs' Complaint fails to clearly state what facts would establish either of the two counts pled. Defendants asserts that Plaintiffs have failed to plead their causes of action of unjust enrichment and fraud with specificity.

Defendants' dispositive motion is contrary to the purpose and standards governing a disposition under Fed. R. Civ. P. 12(b)(6). Furthermore, Defendants demand that Plaintiffs plead details--factual specificity--that run contrary to requirements of Fed. R. Civ. P. 8(a)(2) and Fed. R. Civ. P. 12(b)(6).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the sufficiency of the complaint as pleaded. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir.1999). The factual allegations contained need only be enough to raise a right to relief above a speculative level. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); F.T.C. v. Innovative Marketing, Inc., 654 F. Supp.2d 378, 384-385 (D. Md. 2009). The Court must consider well-pleaded allegations contained in a complaint as true and must construe all factual allegations and all reasonable inferences therefrom in the light most favorable to the plaintiff. Lambeth v. Bd. Of Comm'rs of Davidson County, 407 F.3d 266, 268 (4th Cir. 2005); F.T.C. v. Innovative Marketing, Inc., 654 F. Supp. 2d, supra.

The circumstances of Plaintiffs' claim of fraud are stated with reasonable particularity, as the Complaint states that the Defendants failed to properly account for the payments made by Plaintiffs, and used the unconfirmed nature of the payments to defraud the Court and the Plaintiffs by establishing a judgment, and collecting each month on that judgment. See Fed. R. Civ. P. 9(b). Malice, intent, knowledge and the condition of Defendant's mind, however, need only be alleged generally. Id. Plaintiffs' claim of unjust enrichment need not be stated with the particularity of Fed. R. Civ. P. 9. A motion to dismiss for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a complaint as governed by the notice pleadings of Fed. R. Civ. P. 8(a)(2) ("a short and plain statement of the claim showing that the pleader is entitled to relief"); F.T.C. v. Innovative Marketing, Inc., supra. It is enough for a plaintiff to sketch an actionable claim by means of "a generalized statement of facts from which the defendant will be able to frame a responsive pleading. Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, 958 F.2d 15, 17 (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (1990).

The Defendants cite Federal sources standing for the proposition that a Plaintiff's complaint must some reasonable basis for the Court to act, and must be more than a recitation of the elements of a cause of action. However, Defendants also cite case-law that point to the proposition that Plaintiffs are given a level of deference in the review of a complaint. The crux of Defendants' argument in Defendants' Motion to Dismiss is that the Plaintiffs did not provide sufficient facts to meet the elements of each cause of action. The requirement of this Court in this case is to determine whether Plaintiffs alleged a basic level of fact, not whether Plaintiffs have pled all possible facts to meet the Court's standard to be used at a trial.

Defendants claim that Plaintiffs have failed to particularize the elements of Unjust Enrichment, first claiming that the benefit conferred has not been appropriately explained. Defendants claim that the actual amount of the purchase agreement and the amount in controversy is difficult to parse, claiming it to be a riddle. Defendants claim that because the Bill of Sale indicates $410,000.00, and the body of the Complaint indicates $345,000.00, the Court would have no way of knowing that what the total amount in controversy is in this case. However, Paragraph 1 of the Plaintiffs' Complaint indicates that the amount that is in controversy, and the amount that to which is referred throughout the Complaint is $345,000.00. Complaint ¶ 1. The Complaint in this matter focuses on the judgment entered pursuant to the Promissory Note. Plaintiffs attached a number of purchase documents, including the Confessed Judgment Promissory Note, and a Security Agreement, both of which acknowledge that the amount of $345.000.00 is the amount of the loan, payments on which lead to the established judgment and post judgment actions at issue. Complaint, Plaintiff's Exh. A. Furthermore, Defendants' in their Motion to Dismiss acknowledge the amounts represented as the full purchase price and the Value of the Note leading to the judgment at issue in the section titled Factual Background.

Defendants' note the checks to which Plaintiffs' Complaint refers were not produced in exhibit to the Complaint. This is one of many instances in the Defendants' Motion to Dismiss where counsel for Defendants seems to imply that the level of allegation needed for a Complaint requires an extreme level of information, and documentation that would be reserved for the discovery process, and for the standard of review reserved for trial. Defendants argue correctly that the Federal Rules of Procedure do not require detailed allegations, but Defendants then demand proof of such in their Motion to Dismiss. Plaintiffs alleged the amount of the initial amount to be paid, the interest charged, the payment schedule, an assertion that of that the full amount was paid, an assertion that the Plaintiffs continued paying after the original value of the Note was completed, and the actual amount alleged to have been overpaid. Defendant's attempt to use a mathematics argument, arguing that a number of variables cannot be calculated. Defendant then argues that because the full equation was not laid out for the Court, the court cannot accept the alleged overpayment amount as true. This is another example of the Defendants asking Plaintiffs to prove every aspect of this case in the complaint. A listing of the overpayment amount in real numbers particularizes the benefit conferred; the time to perform the calculations to prove that overpayment amount is at trial, not in the complaint.

Defendants attempt to utilize a document included in the Complaint as a red herring: By referring to this document, Defendants are attempting to get around the fact that there is no argument to show that Plaintiffs did not allege knowledge of the conferred benefit. Plaintiffs included in the complaint both a series of Judgment Creditor reports, indicating an acknowledgment of payment, and allegations in the body of the complaint that the agreement was between the parties, and that the dispute led to a judgment entered against Plaintiff; a judgment

less than the full amount of the Note shows an understanding by the Defendants that they had received some benefit during the life of these matters.

Defendants again attempt to distract the Court as to the third element of Unjust Enrichment by attempting to use mathematical trickery. The inequitable nature of Defendants keeping monies paid in excess of what the Defendants were owed is plain on its face. Defendants again attempt to confuse the Court, using the value of $410,000.00 and cherry picking numbers found in the Exhibits to the Complaint to "prove" that there was no overpayment. The time for "proving" the exact figures is at trial, and this is yet another example of Defendants arguing that Plaintiff must allege a far greater amount of information than required in their Complaint.

Section 2 of Defendants' Motion to Dismiss focuses more on argument of age and statute of limitation more than a failure to state a claim, but Plaintiffs have appropriately alleged fraud in their complaint.

Defendants' allege that the life of this matter from July 2006 until filing of this complaint is a period of 11 years, one where the specific instances of fraud are not noted. However, in the Complaint, Plaintiffs allege that they made payments, but were never informed as to the amount remaining on the debt. If the Defendants accepted payments after the debt were paid, each instance of accepting overpayment would constitute fraud; furthermore, if Defendants' knew that the Plaintiffs were overpaying, and still sought the entry of a judgement from the Circuit Court of Prince George's, that action, and each collection of a payment post-judgment would also constitute fraud. Therefore, the Complaint alleges each instance of fraud, as well as the Defendants' roles and the benefit they received. Furthermore, Defendants argue that the statute of limitations has run for any fraud that would constitute a basis for this case. If the actions of Defendants' constitute

fraud, or alleged fraud, as would be the standard for the Complaint, then each instance of fraud would reset the statute. See Litz v. Md. Dep't of the Env't, 434 Md. 623, 645-646 (2012).

Defendants' Motion to Dismiss makes liberal use of the assertion that a Plaintiff must make a grand showing of all of the possible evidence of the elements of the alleged claims; however, Defendants are requiring Plaintiffs to allege facts more appropriate for trial. Plaintiffs have appropriately alleged a sufficient showing of facts to allow the Complaint to proceed. When the allegations contained in Plaintiffs' Complaint are construed favorably, liberally as required by Fed. R. Civ. P. 12(b)(6), Plaintiffs have stated a claim upon which relief can be granted and Defendant's Motion to Dismiss should be denied. Alternatively, in the event the Court grants Defendant's Motion to Dismiss, Plaintiffs respectfully request leave to amend their Complaint in order to plead with more particularity, if required, pursuant to Fed. R. Civ. P. 15(a)(2). See J & J Sports Productions, Inc. v. Mayrealll, LLC, 849 F. Supp. 2d 586, 593 (D. Md. 2012). Greater specificity is easily attainable by providing the parties with the opportunity to amend their pleadings under Fed. R. Civ. P. 15(a). Gilbert v. Essex Group, Inc., 930 F. Supp. 683 (D. N.H. 1993).

WHEREFORE. The Plaintiff asks the Court:

1. That the Court deny the Defendants' Motion to Dismiss;
2. That were the Court to grant Defendants' Motion, to grant the Plaintiffs Leave to Amend the Complaint;
3. And for such other and further relief as to this Court may seem just and proper.

> /s/ Robinson S. Rowe
> Robinson S. Rowe, Esq.
> Rowe, Weinstein & Sohn PLLC
> 1401 Rockville Pike, Suite 110
> Rockville, MD 20852
> (301) 770-4710
> bpeters@rowepllc.com
> *Counsel for Plaintiff*