IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| KYUNG H. KANG, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. PX-17-2332 |
| | * | |
| CHARLES S. CHAS, *et al.*, | * | |
| Defendants. | ****** | |

**MEMORANDUM OPINION AND ORDER**

This case arises from Defendants' sale of a dry cleaning facility to Plaintiffs on or about July 15, 2006. *See* ECF No. 2. Plaintiffs contend that they have overpaid for the property and bring common law claims of unjust enrichment and fraud. *Id.* Plaintiffs request compensatory and punitive damages of $170,307.00. *Id.* at ¶15. Now pending before the Court is Defendants' Motion to Dismiss for Failure to State a Claim, ECF No. 13. See ECF No. 13. For the following reasons, Defendants' Motion to Dismiss is GRANTED.

**I. Background[1]**

In July 2006, KS Kang, Inc., a Maryland corporation, and Kyun Han Kang ("Plaintiffs") purchased a property located at 8809 Woodyard Road, Clinton, Maryland 20735 from Charles S. Chas and In Sook Chas ("Defendants") for $345,000.00. ECF No. 2 at ¶ 1. The terms of the agreement allowed Plaintiffs to pay Defendants monthly for the property over five years, with 8% annual interest. *Id.* at ¶ 3. Plaintiffs claim that they continued to make payments through

---

[1] In considering Defendants' Motions to Dismiss, the Court accepts as true the facts alleged in the Complaint and materials attached thereto, and may consider matters of public record. *See Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). All facts are viewed in the light most favorable to Plaintiff.

July 27, 2016 because they had not received written verification of the monthly payments made to Defendants or that the note was satisfied, resulting in overpayment on the debt of $120,307. *Id.* at ¶¶ 7 & 12. Plaintiffs now bring claims against Defendants for unjust enrichment and fraud.

**II. Standard of Review**

In ruling on a Rule 12(b)(6) motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].' " *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. " '[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.' " *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009).

Further, when a plaintiff alleges fraud or "the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud," Rule 9(b) of the Federal Rules of Civil Procedure requires that such claims be pleaded with particularity. *Haley v. Corcoran*, 659 F. Supp. 2d 714, 721 (D. Md. 2009) (quoting *Adams v. NVR Homes, Inc.*, 193 F.R.D. 243, 250 (D. Md. 2000); Fed. R. Civ. P. 9(b)). To satisfy this standard, a plaintiff "must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *United*

*States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (internal quotation marks and citation omitted). "These facts are often referred to as the 'who, what, when, where, and how' of the alleged fraud." *Id.* (quoting *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 384 (5th Cir. 2003)). This requirement affords the defendants notice of the basis for the plaintiff's claim, safeguards against frivolous suits, and minimizes the risk of unwarranted damage to the defendant's reputation. *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citation omitted). Fraud allegations that fail to comply with Rule 9(b) must be dismissed pursuant to Rule 12(b)(6). *Id.* at 783 n.5.

## III. Discussion

### a. Unjust Enrichment Claims

To survive dismissal, Plaintiffs must plausibly allege that (1) they conferred a benefit on the Defendants; (2) Defendants knew of or appreciated the benefit; and (3) Defendants' acceptance or retention of the benefit under the circumstances was inequitable absent payment of for the value of the benefit. *See, e.g., Hill v. Cross Country Settlements, LLC*, 402 Md. 281, 295 (2007). Unjust enrichment claims are subject to a three year statute of limitations. *See, e.g., Jason v. Nat'l Loan Recoveries, LLC*, 227 Md. App. 516, 527–29 (2016).

Apart from a bare-bones assertion that Plaintiffs "grossly overpaid" Defendants for the property at an unspecified period of time, Plaintiffs do not plead *any* details as to the events giving rise to this claim. *Id.* at ¶¶ 7 & 12. In lieu of averring facts to support their claim, Plaintiffs cite – without explanation – a series of forms allegedly related to the dry cleaner sale in July 2006 and a handwritten note that purports to show a payment in July 2006 to a Myung Hee Kang, who is not a named Defendant in this action. *See* ECF No. 2.

3

Even liberally construing the claimed "overpayment" as a "benefit" conferred on Defendants, Plaintiffs do not plausibly allege that Defendants knew of or appreciated the benefit. Nor do Plaintiffs state facts showing that under the circumstances, Defendants' acceptance or retention of the benefit was inequitable. *See Hill*, 402 Md. at 295. Plaintiffs' claim is little more than vague, conclusory allegations that do not assert a particularized injury by Defendants. *See* ECF No. 2. Accordingly, Plaintiffs' unjust enrichment claim must be dismissed.

### b. Fraud Claim

Plaintiffs also generally claim fraud arising from false representations by the Defendant in an unspecified judicial proceeding, ECF No. 2 at ¶ 14, but the Complaint falls far short of the heightened pleading standard of Federal Rule of Civil Procedure 9(b). Fed. R. Civ. P. 9(b); *see also Phillips v. Brock & Scott, PLLC*, Case No. PX-16-3899, 2017 WL 3226866 at *2 (D. Md. Jul. 28, 2017); *Maryland v. Territory of Maryland*, Case No. PX-16-3426, 2017 WL 1807157 at *5 (May 5, 2017). Plaintiffs merely assert that "Defendants' violation of Maryland Rule 3-346(j)(2)[2] was a willful violation for the purpose of utilizing the judicial system to defraud the Plaintiff and obtain far more money than he was entitled to under the original agreement and the subsequent judgment." ECF No. 2. at ¶ 14. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, to the extent that Plaintiffs attempt to challenge the sanctity of a separate judicial proceeding, which this Court infers is the judgment entered for Defendants against Plaintiffs by the Circuit Court for Montgomery County, Case No. 384876V,[3] Defendants

---

[2] Plaintiff repeatedly asserts that Defendants have violated Maryland Rule 3-346(j)(2). Because no such statutory provision exists, the Court will assume that Plaintiffs intended to cite Maryland Rule 3-646(j)(2). Rule 3-646(j)(2) governs garnishment of wages to satisfy a judgment and requires Maryland creditors to file certain statements regarding the payment of debt. *See* MD Rules, Rule 3-646.

[3] In a motion to dismiss, the Court may take judicial notice of the prior litigation between the parties and consider related documentation. *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) ("[W]hen entertaining a motion to

4

correctly note that any challenge to that judgment would be barred under principles of *res judicata*. *See* ECF No. 13-1 at 6; *Young v. Ditech Financial, LLC*, Case No. PX-16-3986, 2017 WL 3066198 at \*4–\*6 (D. Md. Jul. 19, 2017). The claims sounding in fraud must be dismissed.

## IV. Conclusion

Plaintiffs' Complaint is regrettably convoluted and falls far short of stating a plausible claim of action. For these reasons, the Defendants' Motion to Dismiss is GRANTED, and it is this 23rd day of January, 2018, by the United States District Court for the District of Maryland, ORDERED that:

1. That the Motion to Dismiss filed by Defendants CHARLES S. CHAS and IN SOOK CHAS is hereby GRANTED;
2. Plaintiff's Complaint, ECF No. 2, is DISMISSED with prejudice.
3. The clerk shall transmit copies of the Memorandum Opinion and this Order to the parties.

| 1/23/2018 | /s/ |
|---|---|
| Date | Paula Xinis |
| | United States District Judge |

---

dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact.").